UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
                                             :
CHRISTOPHER KOPERA, individually
and on behalf of all others similarly situated,:

                       Plaintiffs,              :          09 Civ. 8337 (WHP)

                       -against-                :          MEMORANDUM & ORDER

HOME DEPOT U.S.A., INC.,            :

                       Defendant.            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/11/11

WILLIAM H. PAULEY III, District Judge:

         Plaintiff Christopher Kopera ("Kopera") brings this purported class action against Defendant Home Depot, U.S.A., Inc. ("Home Depot") alleging failure to pay overtime to assistant store manager trainees in violation of the New York Labor Law. Kopera moves to certify a class pursuant to Rule 23 of the Federal Rules of Civil Procedure. For the following reasons, Kopera's motion for class certification is denied.

BACKGROUND

         Kopera was employed by Home Depot as an assistant store manager from July 2003 until February 2004. (Class Action Complaint dated July 1, 2009 ("Compl.") ¶ 6.) He spent his first six weeks as an assistant store manager trainee ("ASM Trainee"). (Declaration of Christopher Kopera dated Mar. 11, 2010 ("Kopera Decl.") ¶ 15.) Kopera asserts that Home Depot violated the New York Labor Law by misclassifying ASM Trainees as exempt from the New York Labor Law's overtime requirements and failing to pay them time-and-a-half for all

-1-

hours worked in excess of 40 hours per week. (Compl. ¶ 8.) During the putative class period, Home Depot operated more than 90 stores in New York. (Declaration of Bill Love dated May 6, 2010 ("Love Decl.") ¶ 3.) Kopera seeks to represent a class of:

> All current or former assistant store managers ("ASM") employed by Home Depot, U.S.A. Inc. as ASMs whom Home Depot classified as exempt from the overtime requirements under New York Labor Law during their initial training period that the ASM underwent after being hired or promoted to the ASM position at any time between July 1, 2003 and the date of final judgment in this matter.

Home Depot's assistant store manager training program is divided into two stages. ASM Trainees spend their first week in approximately 40 hours of classroom work. (Kopera Decl. ¶ 15; Declaration of Joshua B. Waxman dated May 12, 2010 ("Waxman Decl.") Ex. C: Deposition of Valerie Miller dated Jan. 29, 2010 at 17-18; Waxman Decl. Ex. B: Transcript of Deposition of Bill Love dated Mar. 4, 2010 ("Love Dep.") at 39.) Then, ASM Trainees participate in a program of in-store training conducted through the use of a "self-paced" training guide (the "Training Guide"). (Love Dep. at 37.) The parties dispute the contours of the in-store training phase.

Kopera asserts that most ASM Trainees are assigned to a store other than store where they will work as assistant store managers. (See Kopera Decl. ¶¶ 16-17; see also Declaration of Caitlin Duffy dated March 12, 2010 ("Duffy Decl.") Ex. 12: Deposition of John Clougher dated October 9, 2007 ("Clougher Dep.") at 66-67; Duffy Decl. Ex. 13: Deposition of Alexander Calderon dated May 2, 2008 at 47; Duffy Decl. Ex. 14: Deposition of Ed Spadoni, dated March 25, 2009, at 95-97; Duffy Decl. Ex. 15: Deposition of Arthur Amash dated February 23, 2009 at 73-74, 82; Duffy Decl. Ex. 16: Deposition Ahmad Elmagrabhy, dated May 16, 2005 at 136-37; Duffy Decl. Ex. 17: Deposition of Edward Novak, dated May 16, 2005.)

Kopera maintains that he worked eleven-hour days and had no managerial authority or duties during his five weeks of in-store training. (Kopera Decl. ¶¶ 18, 20-22, 24.)

To establish that his experience was "identical" to other ASM Trainees, Kopera relies on Home Depot's ASM Training Guide. (Duffy Decl. Ex. 24: Home Depot Assistant Manager Training Guide ("Training Guide").) The Training Guide states that the ASM training program "provides a structure for effective hands[-]on learning to help [trainees] prepare for [their] new job as an Assistant Manager." (Training Guide at HDKOP 01-0000266.) The Training Guide also describes a final evaluation in which the trainee is tested as to whether they "can apply all that [they] have learned to [their] own store." (Training Guide at HDKOP 01-0000490.) According to Kopera, the Training Guide describes a training period when ASM Trainees did not have the responsibilities of assistant store managers.

Home Depot argues that the experiences of ASM Trainees differ widely. For example, Home Depot offers evidence that in-store training varied for ASM Trainees from as few as two weeks to as many as fourteen weeks. (Waxman Decl. Ex. L: Declaration of Samuel Joseph dated Apr. 28, 2010 ("Joseph Decl.") ¶ 4; Waxman Decl. Ex. M: Declaration of Robert McCarren dated Apr. 28, 2010 ¶ 4; Waxman Decl. Ex. N: Declaration of Courtney McCrea dated Apr. 28, 2010 ¶ 6; Waxman Decl. Ex. J: Declaration of Rocco Ingra dated Apr. 28, 2010 ("Ingra Decl.") ¶ 6.) Home Depot also presents evidence showing that some ASM Trainees trained at training stores, while others trained at the store where they were assigned as assistant store managers. (Kopera Decl. ¶ 17; Clougher Dep. at 67; Declaration of Lawrence Uwhubetiyi dated Apr. 20, 2010 ("Uwhubetiyi Decl.") ¶¶ 4, 7-9; Ingra Decl. ¶¶ 4, 6.)

The deposition testimony reveals significant variation in the amount of time ASM Trainees devoted to performing tasks prescribed by the Training Guide each day. While Kopera asserts that he spent his working hours performing tasks in the Training Guide, several former ASM Trainees claimed that they spent as little as one hour per day on the Training Guide during their in-store training. (Kopera Decl. ¶ 24; Ingria Decl. ¶¶ 9-10; Waxman Decl. Ex. O: Declaration of Raymond Pepper dated Apr. 28, 2010 ("Pepper Decl.") ¶¶ 6-8; Waxman Decl. Ex. G: Declaration of Lynn Eisenbach dated May 3, 2010 ("Eisenbach Decl.") ¶¶ 6-7.)

Most significantly, Home Depot presents evidence showing significant disparities among ASM Trainees in managerial responsibility during in-store training. For example, Raymond Pepper, who was assigned to two separate training stores during his eight-week in-store training, avers that, "[a]side from the one hour per day I spent working on the [Training] Guide, I spent the rest of my in-store training period performing the regular duties of an ASM." (Pepper Decl. ¶ 9.) Likewise, Lawrence Uwhubetiyi, who was assigned to a training store for six weeks, typically spent two to three hours per day working on the [Training] Guide and "also performed [his] regular ASM duties." (Uwbubetiyi Decl. ¶ 8; see also Eisenbach Decl. ¶¶ 7; Ingra Decl. ¶ 6; Joseph Decl. ¶ 7.)

The record reveals significant differences among the putative class members Kopera seeks to represent. Recognizing those disparities, Kopera sought to modify his proposed class definition to "include only those ASM [Trainees] who worked more than 40 hours per week" and only "ASM [Trainees] who did their in-store training at stores other than the store to which they were assigned as [assistant store managers] after training." (Reply Memorandum of Law in Support of Plaintiff's Motion for Class Certification ("Reply") at 2 n.1)

## DISCUSSION

I. Legal Standard

"In order to certify the proposed class, plaintiffs must demonstrate that the class and its proposed representatives meet all of the requirements of both Rule 23(a) and one of the subsections of Rule 23(b)." Damassia v. Duane Reade, Inc., 250 F.R.D. 152, 154-55 (S.D.N.Y. 2008). "Rule 23 requires that a proposed class action (1) be sufficiently numerous, (2) involve questions of law or fact common to the class, (3) involve class plaintiffs whose claims are typical of those of the class, and (4) involve a class representative or representatives who adequately represent the interests of the class." Myers v. Hertz Corp., 624 F.3d 537, 547 (2d Cir. 2010). "Moreover, Rule 23(b)(3) . . . requires the party seeking certification to show that questions of law or fact common to class members predominate over any questions affecting only individual members and that class treatment would be superior to individual litigation." Myers, 624 F.3d at 547.

Courts must resolve factual disputes on a class certification motion when they are relevant to determining whether the Rule 23 requirements have been satisfied. In re Initial Public Offering Sec. Litig., 471 F.3d 24, 41 (2d Cir. 2006). Thus, a court cannot simply accept the allegations of a complaint when the underlying facts relating to class certification are contested. In re IPO, 471 F.3d at 41-42.

II. Predominance

"The 'predominance' requirement of Rule 23(b)(3) 'tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation.'" Myers, 624 F.3d at

547 (quoting Amchem Prods., Inc. v. Windsor, 521 U.S. 591, 623 (1997)).  Its purpose is to "ensure[] that the class will be certified only when it would achieve economies of time, effort, and expense, and promote uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results."  Cordes & Co. Fin. Servs., Inc. v. A.G. Edwards & Sons, Inc., 502 F.3d 91, 104 (2d Cir. 2007) (internal quotation marks and citation omitted).  The predominance requirement is therefore satisfied "if resolution of some of the legal or factual questions that qualify each class member's case as a genuine controversy can be achieved through generalized proof, and if these particular issues are more substantial than the issues subject only to individualized proof."  Moore v. PaineWebber, Inc., 306 F.3d 1247, 1252 (2d Cir. 2002).

A central question in this action is whether ASM Trainees qualify for the New York Labor Law executive exemption.  Under New York law, an employee qualifies for the executive exemption if he or she is (1) compensated on a salary basis at a rate not less than $543.75 per week, (2) has management of the enterprise or a recognized department or subdivision as his primary duty, (3) customarily and regularly directs the work of two or more other employees, (4) customarily and regularly exercises discretionary powers, and (5) makes recommendations as to the hiring, firing, promotion, or any other change of status that are given particular weight.  12 N.Y. Comp. Codes R. & Regs. Tit. 12, § 142-2.14 (c)(4)(i).[1]

"[T]he exemption inquiry requires examination of the duties that the employee

---

[1] "It does not matter that [the] exemption . . . may technically be termed an 'affirmative defense.' . . . [because [t]he 'defense' is in reality the 'mirror image' of plaintiffs' claim—plaintiff[] claim[s] [he was] legally entitled to overtime, and [Defendant] counters that they were not."  Myers, 624 F.3d at 551.

actually performs." Myers, 624 F.3d at 549 (internal citation and quotation marks omitted). While Kopera contends that the Training Guide establishes a commonality of ASM Trainees' experiences, general corporate policies bear on a predominance analysis only "[w]here . . . there is evidence that the duties of the job are largely defined by comprehensive corporate procedures and policies." Damassia, 250 F.R.D. at 160. Here, Home Depot has introduced compelling evidence showing significant variations in the training—specifically its duration, the nature and number of training stores, the time trainees spent working on the Training Guide, and the duties of ASM Trainees during their in-store training. Therefore, it is clear that the Training Guide does not present an uncontested generalized picture of ASM Trainees' actual duties.

Thus, the question—whether ASM Trainees were properly classified under the executive exemption based on their actual duties—is likely to be overwhelmed by a case-by-case inquiry. Indeed, several courts have reached the same conclusion in other actions against Home Depot brought by the same counsel who represent Kopera here. See Mendoza v. Home Depot, No. CV 09-05843 (SJO), 2010 WL 424679, at *7-9 (C.D. Cal. Jan. 21, 2010) (denying class certification for California Labor Law claim because variations in duties performed by Home Depot ASM Trainees "must be evaluated on a case-by-case basis"); Novak v. Home Depot U.S.A., Inc., 259 F.R.D. 106, 115 (D.N.J. 2009) (denying class certification because "[t]he only way to sort through ... disparate contentions [about Merchandizing Assistant Store Manager's duties] is through individualized hearings for each [Merchandizing Assistant Store Manager]"). This Court notes that Plaintiffs' counsel failed to mention these decisions in their moving papers. That was not an oversight, since they were counsel of record for those unsuccessful class plaintiffs.

### III. Kopera's Proposed Modification to the Class

Kopera's effort to modify his class definition to "include only those ASMs who worked more than 40 hours per week" and only "ASMs who did their in-store training at stores other than the store to which they were assigned as ASMs after training" is unavailing. That definition would also fail to satisfy Rule 23(b)(3) because of the significant dissimilarities—such as duration of training, time spent on the Training Guide per day, and responsibilities during training—that would remain among the class.

Having found that the proposed class in either its original or modified formulation fails to meet the Rule 23(b)(3) predominance requirement, this Court need not reach the Rule 23(a) requirements.

### CONCLUSION

For the foregoing reasons, Plaintiff Christopher Kopera's motion for certification of a class pursuant to Rule 23 of the Federal Rules of Civil Procedure is denied.

Dated: January 11, 2011
      New York, New York

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.

*Counsel of Record*

Olimpio Lee Squitieri, Esq.
Squitieri & Fearon LLP
32 East 57th Street, 12th Floor
New York, NY 10022
*Counsel for Plaintiff*

Joel M. Cohn, Esq.
Akin, Gump, Strauss, Hauer & Feld, LLP
Robert S. Strauss Building
1333 New Hampshire Avenue, N.W.
Washington, DC 20036
*Counsel for Defendant*